[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 30, 1996 Date of Application June 3, 1996 Date Application Filed June 12, 1996 Date of Decision June 24, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Middlesex.
Paul Litman, Esq., Defense Counsel, for Petitioner.
Christopher L. Morano, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
After pleading guilty to two counts of attempted murder, the petitioner was sentenced to concurrent terms of 20 years, execution suspended after 16 years, with a probationary term of 5 years to follow his incarceration. The effective sentence was 20 years, execution suspended after 16 years — with a probationary term.
On January 30, 1995, the petitioner accosted his ex-girlfriend and a male companion as they left the male's home. The male victim was accompanying the female to her car while she started it up. At that point the petitioner drove up and shot both victims.
The female had gunshot wounds to her body, arm, armpit, chest and breast. The male was shot in the right hand and both legs. His injuries were apparently more serious and included nerve damage and reduced mobility. At sentencing he complained of daily pain and his status as a member of the National Guard was "up in the air." Both victims were hospitalized for a period of time following the shootings. CT Page 8053
The petitioner has a history of difficulty with anger management and had a prior assault conviction for breaking a person's cheek bone in a fight at a car wash.
Counsel for the petitioner argues that the sentence was extremely harsh under the circumstances, that the petitioner was distraught because his girlfriend of some 13 years had left him (they had a child together), and that he is getting little, if any, rehabilitative help in prison. In his remarks, the petitioner says the incident left him a changed person.
The state's position is that the sentence was appropriate given the petitioners pattern of violence and the seriousness of these offenses.
The sentencing court could not take these crimes lightly, the petitioner fired multiple rounds at these two victims in an attempt to take their lives. Under all of the facts of this case, this was not a disproportionate or unreasonable sentence.
Reviewing the sentence pursuant to the standards for review set forth in Practice Book § 942, the Division affirms the sentence as imposed.
Purtill, Klaczak and Norko, J.s, participated in this decision.